IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| OSMAN IVAN LAINEZ GARCIA<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>Plaintiff,<br><br>v.<br><br>LORTON GRANITE & MARBLE, LLC<br>8827 Telegraph Road<br>Lorton, Virginia 22079<br><br>SERVE: Enes Karaaslan<br>8827 Telegraph Road<br>Lorton, Virginia 22079<br><br>And<br><br>ENES KARAASLAN<br>8827 Telegraph Road<br>Lorton, Virginia 22079<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*  Case No. _____<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **COMPLAINT**

Plaintiff Osman Ivan Lainez Garcia ("Plaintiff"), by and through undersigned counsel, files suit against Defendants Lorton Granite & Marble, LLC ("LGM") and its primary owner and managing member, Enes Karaaslan ("Karaaslan") (together, "Defendants"), and herein seeks recovery of unpaid wages, statutory damages, costs, and attorney's fees against Defendants, jointly and severally, for violations of the Federal Fair Labor Standards Act ("FLSA") and the Virginia Wage Payment Act Virginia Code § 40.1-29, et seq. ("VWPA") as set forth below.

## **PARTIES AND JURISDICTION**

1.  Plaintiff is an adult resident of Arlington, Virginia.

2. Plaintiff's employment duties performed for the benefit of Defendants giving rise to the relief sought in this action occurred substantially within the Commonwealth of Virginia.

3. LGM is a limited liability company, formed under the laws of the Commonwealth of Virginia, operating out of a principal office within Fairfax County, Virginia.

4. During the period relevant to this action, Defendants had gross annual revenues exceeding $500,000.00.

5. During the period relevant to this action, Defendants used tools and materials in its business operation that passed across state lines in interstate commerce.

6. During the period relevant to this action, Plaintiff (and other employees of Defendants) regularly used tools and materials in the performance of their job duties for Defendants that passed across state lines in interstate commerce.

7. Karaaslan is, on information and belief, an adult resident of Fairfax County, Virginia.

8. At all times relevant, Karaaslan was the primary owner and managing member of LGM.

9. At all times relevant, Karaaslan was the individual primarily responsible for administering and controlling the day-to-day operations of LGM.

10. At all times relevant, Karaaslan was Plaintiff's most senior manager and supervisor.

11. At all times relevant, Karaaslan was the individual that set and supervised Plaintiff's work duties and work schedules.

12. At all times relevant, Karaaslan was the individual that set Plaintiff's rate and method of compensation and had the power and authority to modify Plaintiff's rate and method of compensation.

13. At all times relevant, Karaaslan had the power and authority to hire, fire, and otherwise subject Plaintiff to workplace discipline.

14. At all times relevant, Karaaslan was the individual in charge of keeping and maintaining all employment records related to Plaintiff.

15. At all times, Defendants, together, qualified as Plaintiff's "employers" and Plaintiff was Defendants' "employee" with rights, protections, and privileges under the FLSA and the VWPA.

16. This Court has Subject Matter Jurisdiction over Plaintiff's claims and this action because Plaintiff's claims against Defendants raise a Federal Question and arise under a Federal Statute, the FLSA.

17. This Court properly confers Supplemental Jurisdiction over Plaintiff's interrelated Virginia state law claim alleged herein.

18. Pursuant to the foregoing, Jurisdiction and Venue are proper in the United States District Court for the Eastern District of Virginia, Alexandria Division.

## FACTS

19. Plaintiff was employed by Defendants to perform loading/unloading, installation, and related duties for the period of about December 2019 through about January 15, 2022.

20. During his period of employment, Plaintiff customarily worked 5-6 days per week. Each shift was typically from 7:00 AM – 7:00 / 8:00 PM.

21. While employed, Plaintiff's exact weekly hours varied slightly from week to week.

22. While employed, Plaintiff customarily worked between Fifty-Five (55) to Sixty-Five (65) hours per week.

23. At all times during Plaintiff's period of employment, Defendants had actual knowledge of all hours Plaintiff worked each week and suffered or permitted Plaintiff to work all hours herein alleged.

24. During his period of employment, Defendants paid Plaintiff hourly at the rate of $22.00 per hour in 2019 and 2020 and at the rate of $24.00 per hour in 2021 and 2022.

25. At all times, Defendants paid Plaintiff at his regular hourly rate for all hours Plaintiff worked each week including overtime Plaintiff worked over forty (40) hours per week.

26. At all times, Defendants purchased and posted United States Department of Labor Posters identifying employment rights under Federal Law, including specific reference to the FLSA and its requirement that employees must be paid at the time-and-one-half rate for overtime worked over forty (40) hours per week.

27. At all times, Defendants had actual knowledge of the content of the FLSA posters it purchased and displayed prominently at Defendants' place of business and, as a consequence, had actual knowledge that it was required to pay Plaintiff at the time-and-one-half rate for overtime worked over forty (40) hours per week.

28. Defendants knowingly violated Plaintiff's overtime compensation rights under the FLSA law because Defendants never paid Plaintiff at the time-and-one-half rate required by the FLSA for overtime Plaintiff worked over forty (40) hours per week.

29. Finally, without legal excuse or justification, Defendants failed and refused to pay Plaintiff his final paycheck for his last two (2) week in the amount of about $2,000.00.

30. Defendants now owe Plaintiff unpaid wages in the amount of approximately Twenty-Five Thousand Dollars ($25,000.00).

31. Defendants' failure to pay Plaintiff wages as required by the FLSA and the Commonwealth of Virginia was knowing, willful, not the product of good faith, and did not arise from a bona fide dispute between Plaintiff and Defendants.

## CAUSES OF ACTION

### COUNT I
### (Violation of the FLSA 1.5x Overtime Mandate)

32. Plaintiff re-alleges every allegation set forth above as if each were set forth herein.

33. While in Defendants' employ, Plaintiff performed work duties for the benefit of Defendants, for which Defendants failed to compensate Plaintiff at the time-and-one-half rate required by the FLSA for overtime Plaintiff worked over forty (40) hours per week.

34. Defendants' failure to pay Plaintiff wages at the time-and-one-half overtime wage rate as required by the FLSA was with actual knowledge of illegality and was therefore willful and intentional and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally to Plaintiff for unpaid wages in the amount of $25,000.00 or such other amount as is proven at trial, plus an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
### (Violation of the VWPA)

35. Plaintiff re-alleges and reasserts every allegation set forth above as if each were set forth herein.

36. Without legal excuse or justification, Defendants withheld and failed to pay Plaintiff all earned wages due for work duties performed for Defendants' benefit within the Commonwealth of Virginia during Plaintiff's last two (2) weeks of employment in the amount of about $2,000.00, and as required by the laws of the Commonwealth of Virginia.

37. Defendants' failure to fully and timely pay Plaintiff all earned wages due for work performed for Defendants' benefit was with actual knowledge of illegality and was therefore willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendants and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid wages in the amount of $2,000.00 or such other amount as is proven at trial, plus an equal amount of unpaid wages as statutory liquidated damages, interest (both pre- and post-judgment), attorney's fees, costs, and any other further relief this Court appropriate.

Respectfully submitted,

/s/ Gregg C. Greenberg
Gregg C. Greenberg, Bar No. 17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*